# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

SCOTT HUMES,
      Petitioner,

vs

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,
      Respondent.

Case No. 1:12-cv-463

Beckwith, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Petitioner, an inmate in state custody at the Lebanon Correctional Institution in Lebanon,

Ohio, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc.

1). This matter is before the Court on the petition and respondent's motion to dismiss, to which

petitioner has not responded. (Docs. 1, 7).

## I.  PROCEDURAL HISTORY

### State Trial Proceedings

On March 25, 2009, the Clermont County, Ohio, grand jury returned a fourteen-count

indictment against petitioner, charging him with thirteen counts of aggravated robbery and one

count of felonious assault. (Doc. 7, Ex. 1). After initially entering a plea of not-guilty to all

counts, petitioner entered a guilty plea to four counts of aggravated robbery and to the single

count of felonious assault. (Doc. 7, Ex. 2, 3). On October 1, 2009, the trial court issued a

judgment entry sentencing petitioner to a term of imprisonment totaling forty-eight (48) years.

(Doc. 7, Ex. 5). Specifically, the court sentenced petitioner to sentences of ten-years for each of

the four aggravated robbery convictions and eight-years for the felonious assault conviction. *Id.*

at 2. Petitioner was also required to pay restitution to the victims of his offenses as part of his

sentence. *Id.* at 3.

**State Appellate Proceedings**

On October 1, 2009, petitioner, through counsel, filed a timely notice of appeal to the Ohio Court of Appeals, Twelfth Appellate District. (Doc. 7, Ex. 6). In the brief, petitioner presented the following three assignments of error:

1.  The trial court abused its discretion in sentencing appellant to the maximum term of imprisonment on four counts of aggravated robbery and one count of felonious assault.

2.  The trial court erred in sentencing appellant to consecutive prison terms as the record does not support such a sentence.

3.  The trial court erred in ordering appellant to pay restitution.

(Doc. 7, Ex. 7).

On May 18, 2010, the Ohio Court of Appeals issued a judgment entry affirming in part and reversing in part the judgment of the trial court. (Doc. 7, Ex. 9). The appellate court affirmed the trial court's judgment with respect to the imposition of the maximum, consecutive prison terms. *Id.* However, the Ohio Court of Appeals determined that the trial court improperly ordered restitution on counts that were dismissed. *Id.* at 7. The case was remanded so that the trial court could "modify the amount of restitution to reflect an amount based upon the actual loss caused by appellant's criminal conduct for which he was convicted." *Id.*

On June 4, 2010, the trial court modified its restitution order pursuant to the Ohio Court of Appeals' May 18, 2010 decision. (Doc. 7, Ex. 10).

**Application to Reopen**

On August 16, 2010, petitioner, with assistance of new counsel, filed an application to reopen his direct appeal. (Doc. 7, Ex. 11). In his memorandum in support, petitioner claimed his appellate counsel was ineffective for failing to raise the following two assignments of error:

1.  The trial court unlawfully imposed consecutive terms of imprisonment, when

2

it did not make the findings required by statute.

2. Trial counsel provided ineffective assistance of counsel when he failed to object to the trial court's imposition of maximum and consecutive prison terms.

*Id.* On October 20, 2010, the Ohio Court of Appeals denied petitioner's application to reopen. (Doc. 7, Ex. 13).

On December 3, 2010, petitioner, through counsel, filed a notice of appeal to the Ohio Supreme Court from the denial of his application to reopen. (Doc. 7, Ex. 14). Petitioner raised the following three propositions of law in his memorandum in support of jurisdiction:

1. Before imposing consecutive sentences, Ohio trial courts must make the findings of fact specified by R.C. 2929.14(E)(4) in order to overcome the presumption favoring concurrent sentences in R.C. 2929.41(A).

2. Trial counsel provides ineffective assistance of counsel by failing to object to the trial court's unlawful imposition of maximum and consecutive prison terms. Sixth and Fourteenth Amendments to the United States Constitution; Section 10, Article I of the Ohio Constitution.

3. Appellate counsel provides ineffective assistance of counsel by failing to raise meritorious constitutional issues on appeal. Sixth and Fourteenth Amendments to the United States Constitution; Section 10, Article I of the Ohio Constitution.

(Doc. 7, Ex. 15).

On February 16, 2011, the Ohio Supreme Court dismissed the appeal "as not involving any substantial constitutional question." (Doc. 7, Ex. 18).

### Federal Habeas Corpus

The instant federal habeas corpus action commenced June 18, 2012. (*See* Doc. 1).

However, it is presumed that the petition was filed on June 12, 2012, the date petitioner states that he placed the petition in the prison mailing system for submission to this Court. (*See* Doc. 1,

p. 13).[1]  Petitioner alleges four grounds for relief in the petition:

**GROUND ONE:**
1.  Trial court abused its discretion in sentencing petitioner to the maximum sentence!

2.  Trial court erred in sentencing petitioner to consecutive sentences.

3.  Petitioner's trial counsel was ineffective [for] failing to raise issues that would [a]ffect decision upon direct appeal.

**GROUND TWO:**
The trial court erred in sentencing [petitioner] to consecutive prison terms.

**GROUND THREE:**
Ineffective assistance of counsel.

**GROUND FOUR:**
Trial court erred by not honoring plea bargain agreed to and signed by trial judge.

(Doc. 1).

Respondent has filed a motion to dismiss.  (Doc. 7).  Respondent contends that the

petition is subject to dismissal with prejudice because it is barred from review by the applicable

one-year statute of limitations governing federal habeas petitions, which is set forth in 28 U.S.C.

§ 2244(d).

**II.     RESPONDENT'S MOTION TO DISMISS SHOULD BE GRANTED.**

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody

pursuant to the judgment of a state court must file an application for a writ of habeas corpus

within one year from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State

---

[1] The filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing.  *See Houston v. Lack,* 487 U.S. 266 (1988); *see also Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002); *Goins v. Saunders,* 206 F. App'x 497, 499 n.1 (6th Cir. 2006).

action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

Petitioner has not argued, nor is there evidence in the record to suggest, that the provisions set forth in §§ 2244(d)(1)(B) through (D) apply to his claims. Petitioner has not alleged that a State created impediment prevented him from filing the instant petition or that his claims are governed by a newly recognized constitutional right made retroactively applicable to his case. Furthermore, petitioner's grounds for habeas relief are based on alleged errors that occurred during the trial proceedings. Since petitioner was aware of the facts underlying his claims by the close of trial and before the conclusion of the direct review proceedings, his grounds for relief are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration for the time for seeking such review."

Under § 2244(d)(1)(A), the statute of limitations begins to run when the challenged judgment of conviction and sentence is rendered "final" by the conclusion of direct review or the expiration of time for seeking such review. In this case, petitioner's conviction became final on July 4, 2010, when the 30-day period expired for appealing from the trial court's June 4, 2010 judgment entry. *See* Ohio R. App. P. 4(A). The statute commenced running on July 5, 2010, one day after petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,*

235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on July 5, 2011, absent the application of statutory or equitable tolling principles.

During the one-year limitations period commencing on July 5, 2010, petitioner was entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* _ U.S. _, 130 S.Ct. 2549, 2554 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Id.*

In this case, the limitations period ran for 42 days before petitioner filed his application to reopen his direct appeal on August 16, 2010. (Doc. 7, Ex. 11). The statute of limitations was tolled during the pendency of petitioner's application and began to run again on February 17, 2011, the day after the Ohio Supreme Court dismissed petitioner's appeal of the denial of his application to reopen. The limitations period ran the remaining 323 days and expired on January 6, 2012. Because petitioner did not file his habeas petition until June 12, 2012, over five months after the expiration of the statute of limitations, the petition is time-barred unless petitioner is entitled to equitable tolling.

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland,* 130 S.Ct. at 2560, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d

745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)), *cert. denied*, 133 S.Ct. 187 (2012). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 130 S.Ct. at 2562 (internal quotations omitted)); *see also Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir.), *cert. denied,* 132 S.Ct. 456 (2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner has not demonstrated that he is entitled to equitable tolling in this case. First, petitioner has not shown that he has been diligent in pursuing his rights. The Sixth Circuit has indicated that the relevant inquiry in determining whether equitable tolling applies is whether petitioner was diligent in pursuing federal habeas relief. *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003) (finding that petitioner's decision to proceed solely in state court "rather than filing his federal habeas petition and protecting his federal constitutional rights, demonstrates a lack of diligence"). In this case, petitioner waited 482 days to file his habeas petition after the Ohio Supreme Court dismissed his appeal of the denial of his application to reopen. Accordingly, petitioner has not demonstrated that he was diligent in pursuing his rights. *See Colbert v. Tambi*, 513 F.Supp.2d 927, 936 (S.D. Ohio 2007) (finding equitable tolling

7

inappropriate where petitioner failed to explain an eleven-month delay following the denial of his delayed appeal).

Second, petitioner has not shown that he was prevented by some extraordinary circumstance from seeking relief in a timely manner. Petitioner has argued that he is ignorant of the law, has to rely on help from other prisoners, and has to work with the "pass system" at the Lebanon Correctional Institution. (Doc. 1, Memorandum). However, it is well-settled that neither lack of knowledge of the law, the inability to obtain legal assistance nor limited law library access constitutes an extraordinary circumstance sufficient to excuse the statute-of-limitations bar to review. *See Johnson v. United States,* 544 U.S. 295, 311 (2005) (in a case where the defendant defended his delay in challenging a state conviction on the basis of his pro se status and lack of "sophistication" in understanding legal procedures, the Court stated: "[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness"). *See also United States v. Stone*, 68 F. App'x 563, 565-66 (6th Cir. 2003) ("allegations regarding insufficient library access, standing alone, do not warrant equitable tolling") (citing *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) ("an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations").

Accordingly, petitioner has not demonstrated that an extraordinary circumstance prevented him from filing a timely federal habeas corpus petition with this Court. Petitioner has not demonstrated that he lacked notice or constructive knowledge of the one-year filing requirement, or that he reasonably has remained ignorant of the requirement which has been in effect since April 1996. Most importantly, it is clear from the record that petitioner has not been

diligent in pursuing his rights.

Accordingly, in sum, the undersigned concludes that petitioner's federal habeas corpus petition is time-barred. Therefore, respondent's motion to dismiss (Doc. 7) should be **GRANTED** and the instant habeas corpus petition (Doc. 1), filed over six months after the statute of limitations had run its course, should be **DISMISSED** with prejudice.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 7) be **GRANTED**, and petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice on the ground that it is time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to the claims for relief alleged in the petition, which this Court has concluded are barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in Slack v. *McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[2]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 8/14/13

Karen L. Litkovitz
United States Magistrate Judge

---

[2] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

SCOTT HUMES,
    Petitioner,

vs.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:12-cv-463

Beckwith, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Scott Humer #606-394
Lebanon Corr. Inst.
PO Box 56
Lebanon, OH 45036

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X                                        ☑ Agent
                                         ☐ Addressee

B. Received by ( *Printed Name* )        C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*)    ☐ Yes

2. Article Number
   (*Transfer from service label*)       7011 3500 0001 5345 9305

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540